UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. THOMPSON, | Case No. 2:25-cv-1815-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| ADAM BUSTAMANTE, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against Adam Bustamante, an institutional lieutenant; Eric Hobbs, the administrative warden; and Teauna Miranda, the warden, alleging that defendants violated his due process rights during a disciplinary hearing. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1   which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2   relief. *Id.*

3         A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6   require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7   662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8   possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9   identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13        The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20  **Analysis**

21      Plaintiff alleges that defendants violated his due process rights during a disciplinary
22  hearing on a Rules Violation Report ("RVR"). ECF No. 1 at 3. He alleges that at the hearing he
23  presented documents and pictures showing that the charge against him should be dismissed. *Id.*
24  Despite this, defendant Bustamante, acting as the adjudicator, stated, "I'm going to find you
25  guilty because I believe her and not [plaintiff]." *Id.* Plaintiff alleges that Bustamante found him
26  guilty because correctional offices have a code of sticking together. *Id.* at 4. Bustamante's
27  findings stated, however, that "not all due process requirements were met." *Id.* at 3. As for
28  defendants Hobbs and Miranda, plaintiff alleges that they allowed Bustamante's erroneous

2

1  finding to stand, despite his arguments demonstrating that he was not guilty of the RVR.  *Id.* at 4-
2  5.  Plaintiff claims that because of this finding, he was refused parole, assessed a loss of 90 days
3  credit, and he has been verbally harassed by correctional officers.  *Id.*  Plaintiff also alleges that
4  he was assaulted by another inmate who was paid by a different inmate due to the accusations in
5  the RVR.  *Id.* at 5.

6        The guarantee of procedural due process under the Fourteenth Amendment only applies
7  when there is a constitutionally protected liberty or property interest at stake.  *Ingraham v.*
8  *Wright*, 430 U.S. 651, 672 (1977).  A protected liberty interest can arise from a state law created
9  expectation or interest.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  California law has created
10 a liberty interest in retaining earned good-time credits.  *King v. Jauregui*, No. 2:18-cv-09649-
11 DOC-GJS, 2019 WL 6312574, at *4 (C.D. Cal. Oct. 4, 2019) (citing *In re Rothwell*, 78 Cal. Rptr.
12 3d 723, 726 (Cal. Ct. App. 2008) (recognizing that California created a liberty interest in retaining
13 earned good-time credits)).

14       Once a protected liberty interest is recognized, due process requires certain procedural
15 safeguards to be in place in prison disciplinary hearings.  *Wolff v. McDonnell*, 418 U.S. 539, 556
16 (1974).  Prison disciplinary hearings comply with procedural due process when: (1) the inmate
17 receives advance written notice of the alleged violation to allow for time to prepare a defense;
18 (2) the inmate has at least 24 hours to prepare for the hearing; (3) the inmate is allowed to call
19 witnesses and present documentary evidence in his defense, so long as doing so would not be
20 unduly hazardous to institutional safety or goals; (4) if the inmate is illiterate or the issue is
21 complex, the inmate was given assistance during the hearing; and (5) the inmate received a
22 written statement by the factfinders regarding the evidence relied on and reasons for the
23 disciplinary action taken.  *Id.* at 563-70.  Inmates are also entitled to a fair, impartial decision-
24 maker during disciplinary hearings who will be unbiased and not "dishonestly suppress[]
25 evidence of innocence."  *Edwards v. Balisok*, 520 U.S. 641, 647 (1997).

26       Plaintiff fails to allege a cognizable due process claim related to his disciplinary hearing.
27 He does have a recognized liberty interest in retaining his good-time credits.  *See King*, 2019 WL
28 6312574, at *4; *In re Rothwell*, 78 Cal. Rptr. 3d at 726.  Nevertheless, plaintiff's allegations fail

1 to sufficiently allege that his due process rights were violated during the disciplinary hearing
2 based on any of Bustamante's actions.  Plaintiff's allegation against Bustamante is that that
3 Bustamante chose to believe the complaining witness over plaintiff and that Bustamante chose to
4 side with the complaining witness because she is a correctional officer.  *See* ECF No. 1 at 3.  But
5 this allegation is conclusory, and plaintiff does not allege facts to support it.  Plaintiff's allegation
6 that Bustamante stated that all the procedural due process requirements were not met is also
7 conclusory: Plaintiff does not allege either what requirement was unmet or why.  As such,
8 plaintiff fails to state a cognizable due process claim against Bustamante.

9 Likewise, defendants Hobbs and Miranda are not liable under § 1983.  Plaintiff seeks to
10 impose liability on them for reviewing and signing off on the disciplinary report prepared by
11 Bustamante following the disciplinary hearing.  There are no allegations that Hobbs or Miranda
12 were personally involved with the disciplinary hearing during which plaintiff's procedural due
13 process rights were allegedly violated, or that they may be held liable under a theory of
14 *respondeat superior.  See Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *Lemire v.*
15 *California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013).  Hobbs and
16 Miranda's actions in signing off on Bustamante's findings, in the capacity of reviewing
17 supervisors, does not support the existence of a sufficient causal connection between their
18 conduct and the alleged denial of adequate procedural protections at the disciplinary hearing.
19 *Crowley*, 734 F.3d at 977; *Lemire*, 726 F.3d at 1074-75.

20 Additionally, to the extent plaintiff challenges the denial of his parole, such claim is
21 barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Challenges to the procedures used in the
22 denial of parole necessarily implicate the validity of the denial of parole.  *Butterfield v. Bail*, 120
23 F.3d 1023, 1024 (9th Cir. 1997).  As such, a plaintiff's challenge to an allegedly improper denial
24 of parole necessarily implicates the validity of plaintiff's continued confinement, and such
25 challenges cannot be brought "unless and until the conviction or sentence is reversed, expunged,
26 invalidated, or impugned by the grant of writ of habeas corpus."  *Id.* at 1025 (citing *Heck*, 512
27 U.S. at 487).  Plaintiff has not demonstrated that he has been granted a writ of habeas corpus
28

1  invalidating or reversing the conviction that placed him in prison, and as a result any challenge to
2  his denial of parole is not cognizable in a § 1983 suit.
3        Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow
4  plaintiff a chance to amend his complaint before recommending that this action be dismissed. If
5  plaintiff decides to file an amended complaint, the amended complaint will supersede the current
6  one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means
7  that the amended complaint will need to be complete on its face without reference to the prior
8  pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no
9  longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will
10 need to assert each claim and allege each defendant's involvement in sufficient detail. The
11 amended complaint should be titled "First Amended Complaint" and refer to the appropriate case
12 number. If plaintiff does not file an amended complaint, I will recommend that this action be
13 dismissed.
14       Accordingly, it is hereby ORDERED that:
15       1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.
16       2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.
17       3. Within thirty days from service of this order, plaintiff shall file either (1) an amended
18 complaint or (2) notice of voluntary dismissal of this action without prejudice.
19       4. Failure to timely file either an amended complaint or notice of voluntary dismissal may
20 result in the imposition of sanctions, including a recommendation that this action be dismissed
21 with prejudice pursuant to Federal Rule of Civil Procedure 41(b).
22       5. The Clerk of Court shall send plaintiff a complaint form with this order.\

IT IS SO ORDERED.

Dated:   August 5, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5