UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARK A. THOMPSON, | Case No.  2:25-cv-1815-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| ADAM BUSTAMENTE, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, alleges that defendant Bustamante, a correctional officer at Mule Creek State Prison, violated his due process rights in a disciplinary hearing.  He claims that defendants Hobbs and Covello, the assistant warden and warden, failed to correct the violation. After review of the complaint, I find that plaintiff's claims are not cognizable.  I will give him one final opportunity to amend.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

As before, plaintiff alleges that, in June 2024, defendant Bustamante oversaw a prison disciplinary hearing against him.  ECF No. 13 at 3.  He claims that Bustamante elected to credit an adverse witness and not plaintiff, resulting in a loss of good time credit.  *Id.*  Plaintiff claims that Bustamante acknowledged violating his due process rights, but plaintiff does not specify how.  *Id.* at 3-4.  As I stated in my previous screening order, prison disciplinary hearings comply with procedural due process when: (1) the inmate receives advance written notice of the alleged violation to allow for time to prepare a defense; (2) the inmate has at least 24 hours to prepare for the hearing; (3) the inmate is allowed to call witnesses and present documentary evidence in his

2

defense, so long as doing so would not be unduly hazardous to institutional safety or goals; (4) if the inmate is illiterate or the issue is complex, the inmate was given assistance during the hearing; and (5) the inmate received a written statement by the factfinders regarding the evidence relied on and reasons for the disciplinary action taken.  *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974). If this action is to proceed, plaintiff must identify how Bustamante violated his due process rights. Given that plaintiff's claims against the other two supervisory defendants are predicated on Bustamante's due process violation, they are also unsuitable to proceed as articulated.

I will give plaintiff an opportunity to amend so that he may address these deficiencies. He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1.  Plaintiff's first amended complaint, contained in ECF No. 13, is DISMISSED with leave to amend.

2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    January 20, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3