UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. THOMPSON,<br>Plaintiff,<br>v.<br>ADAM BUSTAMENTE, et al.,<br>Defendants. | Case No. 2:25-cv-1815-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, alleges that defendant Bustamante, a correctional officer at Mule Creek State Prison, violated his due process rights in a disciplinary hearing. He claims that defendants Hobbs and Covello, the assistant warden and warden, failed to correct the alleged violation. This action proceeds on plaintiff's second amended complaint, and, like its predecessors, this complaint fails to state a cognizable due process claim against any defendant. Accordingly, I now recommend that this action be dismissed for failure to state a claim.

**Screening Order**

**I. Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II. Analysis**

As before, plaintiff alleges that, in June 2024, defendant Bustamante oversaw a prison disciplinary hearing against him. ECF No. 21 at 3. He claims that Bustamante elected to credit an adverse witness and not the plaintiff, resulting in a loss of good time credit. *Id.* As in his other complaints, plaintiff alleges that Bustamante acknowledged violating his due process rights, but does not specify how. *Id.* at 3. As I have repeatedly advised plaintiff in my other screening orders, prison disciplinary hearings comply with procedural due process when: (1) the inmate receives advance written notice of the alleged violation to allow for time to prepare a defense;

(2) the inmate has at least 24 hours to prepare for the hearing; (3) the inmate is allowed to call witnesses and present documentary evidence in his defense, so long as doing so would not be unduly hazardous to institutional safety or goals; (4) if the inmate is illiterate or the issue is complex, the inmate was given assistance during the hearing; and (5) the inmate received a written statement by the factfinders regarding the evidence relied on and reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974). I informed him that it was insufficient to simply allege that his due process rights were violated; a cognizable claim required him to state which of these requirements was not met in his hearing. Once again, he has failed to do so. Plaintiff's claims against the other two supervisory defendants, Hobbs and Covello, are predicated on Bustamante's due process violation and, thus, they are also unsuitable to proceed.

I have given plaintiff multiple opportunities to amend and all his complaints suffer from the same deficiency. I now recommend that this action be dismissed for failure to state a claim. Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the second amended complaint, ECF No. 21, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 3, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE